# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:26−cv−00480−JMB−ECW
### *Internal Use Only*

| | |
|---|---|
| Anaya v. Noem et al | Date Filed: 01/20/2026 |
| Assigned to: Judge Jeffrey M. Bryan | Jury Demand: None |
| Referred to: Magistrate Judge Elizabeth Cowan Wright | Nature of Suit: 463 Habeas Corpus − Alien |
| Cause: 8:1105(a) Aliens: Habeas Corpus to Release INS Det | Detainee |
| | Jurisdiction: U.S. Government Defendant |

**Petitioner**

| | | |
|---|---|---|
| **Jose Alfredo Anaya** | represented by | **Khanh Ngoc Nguyen** |
| | | Hennepin |
| | | Hennepin |
| | | 1001 Washington Ave. South |
| | | Minneapolis, MN 55415 |
| | | 952−888−3788 |
| | | Fax: 952−881−4181 |
| | | Email: khanh@knnlawoffice.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Respondent**

| | | |
|---|---|---|
| **Kristi Noem** | represented by | **Ana H Voss** |
| *Secretary, U.S. Department of Homeland Security* | | United States Attorney's Office |
| | | 300 S 4th St Ste 600 |
| | | Minneapolis, MN 55415 |
| | | 612−664−5600 |
| | | Fax: 612−664−5788 |
| | | Email: ana.voss@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Jesus Cruz Rodriguez** |
| | | DOJ−USAO |
| | | 7510 NW Tango Rd. |
| | | Ste D7 |
| | | Lawton, OK 73503 |
| | | 301−793−1571 |
| | | Email: jesus.cruz.rodriguez@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Respondent**

represented by

**Todd M. Lyons**
*Acting Director of Immigration and*
*Customs Enforcement, Immigration and*
*Customs Enforcement*

**Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**David Easterwood**
*Field Office Director of Enforcement and*
*Removal Operations, St. Paul Field*
*Office, Immigration and Customs*
*Enforcement*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Pamela Bondi**
*U.S. Attorney General*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Executive Office for Immigration**
**Review**

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesus Cruz Rodriguez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Warden**
*ERO El Paso Camp East ICE Detention*
*Center, El Paso, Texas*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2026 | 1 | First PETITION for Writ of Habeas Corpus (filing fee $ 5, receipt number AMNDC–12553868) filed by Jose Alfredo Anaya. No summons requested. (Attachments: # 1 Exhibit(s) Exhibit 1, # 2 Exhibit(s) Exhibit 2, # 3 Civil Cover Sheet Civil Cover Sheet) (Nguyen, Khanh) (Entered: 01/20/2026) |
| 01/20/2026 | 2 | NOTICE OF ATTORNEY APPEARANCE for Jose Alfredo Anaya. (Nguyen, Khanh) (Entered: 01/20/2026) |
| 01/20/2026 | 3 | (Text–Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Jeffrey M. Bryan per 3rd, 4th – Prisoner: Alien Detainee Habeas list, referred to Magistrate Judge Elizabeth Cowan Wright. Please use case number 26–cv–480 JMB/ECW. **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** (kt) (Entered: 01/20/2026) |
| 01/20/2026 | 4 | (Text–Only) ORDER: Respondents are ordered to file an answer to the Petition for Writ of Habeas Corpus 1 on or before January 22, 2026, at 11:00 a.m. CT, certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case. The response should include a reasoned memorandum of law and fact addressing each count of the Petition, as well as any supporting documentation that may be needed to establish the lawfulness of Petitioner's arrest and/or continued confinement. No reply will be permitted, and the Court will decide the Petition without a hearing and based on the written submissions. Further, Respondents are temporarily restrained and enjoined from moving the Petitioner out of the District of Minnesota until the Court has issued a ruling on the pending Petition. Violation of this order will result in consideration of any appropriate sanctions against the attorneys of record and the parties responsible for violating this order. Ordered by Judge Jeffrey M. Bryan on 1/20/2026. (GLB) (Entered: 01/20/2026) |
| 01/21/2026 | 5 | NOTICE of Appearance by Jesus Cruz Rodriguez on behalf of Pamela Bondi, David Easterwood, Executive Office for Immigration Review, Todd M. Lyons, Kristi Noem. (Cruz Rodriguez, Jesus) (Entered: 01/21/2026) |
| 01/22/2026 | 6 | RESPONSE by Pamela Bondi, David Easterwood, Executive Office for Immigration Review, Todd M. Lyons, Kristi Noem re 1 Petition for Writ of Habeas Corpus, . (Cruz Rodriguez, Jesus) (Entered: 01/22/2026) |
| 01/22/2026 | 7 | MOTION to Dismiss/General , MOTION to Transfer/Change Venue filed by Pamela Bondi, David Easterwood, Executive Office for Immigration Review, Todd M. Lyons, Kristi Noem. (Cruz Rodriguez, Jesus) (Entered: 01/22/2026) |
| 01/22/2026 | 8 | RESPONSE in Opposition re 7 MOTION to Dismiss/General MOTION to Transfer/Change Venue filed by Jose Alfredo Anaya. (Attachments: # 1 Exhibit(s) Exhibit 3)(Nguyen, Khanh) (Entered: 01/22/2026) |
| 01/22/2026 | 9 | MEMORANDUM AND OPINION: The Petition (Doc. No. 1 ) is GRANTED in part and DENIED in part, as follows: 1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before 5:00 p.m. CT on January 23, 2026. If released on bond, Respondents shall immediately release Petitioner in Minnesota. 2. If Respondents do not provide Petitioner with a bond |

| | | |
|---|---|---|
| | | hearing under 8 U.S.C. § 1226(a) by 5:00 p.m. CT on January 23, 2026, as required herein, Petitioner must be immediately released from detention in Minnesota at that time. 3. On or before 11:00 a.m. CT on January 26, 2026, counsel for Respondents shall file a status update affirming that Petitioner received a bond hearing as required by this Order, and advising the results of the bond hearing, or if no bond hearing was held, affirming that Petitioner was released from custody in accordance with this Order. 4. To the extent Petitioner seeks additional relief, the Petition is DENIED. 5. Respondents' Motion to Dismiss (Doc. No. 7 ) is DENIED. LET JUDGMENT BE ENTERED ACCORDINGLY. (Written Opinion) Signed by Judge Jeffrey M. Bryan on 1/22/2026. (HCMH) (Entered: 01/22/2026) |
| 01/23/2026 | 10 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(ACH) (Entered: 01/23/2026) |
| 01/26/2026 | 11 | (Text–Only) ORDER TO SHOW CAUSE: On January 22, 2026, the Court ordered Respondents to either provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by January 23, 2026 or release him, and to provide the Court with a status update by January 26, 2026 at 11:00 a.m. CT. 9 No status update has been filed. Respondents are hereby ORDERED to file a status update by 3:00 p.m. today informing the Court of when the bond hearing was held and what the outcome of Petitioner's bond hearing was. Signed by Judge Jeffrey M. Bryan on 1/26/2026. (GLB) (Entered: 01/26/2026) |
| 01/27/2026 | 12 | (Text–Only) ORDER TO SHOW CAUSE: Respondents did not comply with this Court's Order requiring them to provide the Court with a status update by January 26, 2026 at 11:00 a.m. 9 The Court then ordered Respondents to file the status update by January 26, 2026, at 3:00 p.m. Again, Respondents did not comply. Counsel for Respondents shall file the necessary document by January 28, 2026 at 11:00 a.m. or counsel for Respondents will be required to appear before this Court to show cause why they should not be held in contempt. Signed by Judge Jeffrey M. Bryan on 1/27/2026. (GLB) (Entered: 01/27/2026) |
| 01/27/2026 | 13 | LETTER TO DISTRICT JUDGE by Pamela Bondi, David Easterwood, Executive Office for Immigration Review, Todd M. Lyons, Kristi Noem . (Cruz Rodriguez, Jesus) (Entered: 01/27/2026) |
| 01/30/2026 | 14 | NOTICE OF APPEAL TO 8TH CIRCUIT as to 9 Memorandum & Opinion,,,, 10 Judgment by Pamela Bondi, David Easterwood, Executive Office for Immigration Review, Todd M. Lyons, Kristi Noem. (Voss, Ana) (Entered: 01/30/2026) |
| 01/31/2026 | 15 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 14 . (CLK) (Entered: 01/31/2026) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jose A.,                                          File No. 26-CV-480 (JMB/ECW)

    Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of*                **ORDER**
*Homeland Security*; Todd M. Lyons, *Acting*
*Director, Immigration and Customs*
*Enforcement, Immigration and Customs*
*Enforcement*; David Easterwood, *Field*
*Office Director of Enforcement and*
*Removal Operations, St. Paul Field Office,*
*Immigration and Customs Enforcement*;
Pamela Bondi, *U.S. Attorney General*;
Executive Office for Immigration Review;
and Warden, *ERO El Paso Camp East ICE*
*Detention Center, El Paso, Texas*,

    Respondents.

Khanh Nguyen Law Office, Minneapolis, MN, for Jose A.

Jesus Cruz Rodriguez and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Eric Tollefson.

---

   This matter is before the Court on Petitioner Jose A.'s[1] Petition for Writ of Habeas

Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Office for Immigration Review, and Warden of the El Paso Camp East ICE detention Center (together, "Respondents") are named in the Petition.  For the reasons explained below, the Court grants the Petition in part.

**FINDINGS OF FACT[2]**

1.      Jose A. is a citizen of Mexico who entered the United States in 2000 without inspection.  (Pet. ¶¶ 9(b), 23.)

2.      Jose A. was detained by Respondents on January 13, 2026, in Minnesota.  (*Id.* ¶ 9(a).)

3.      Since his initial detention in Minnesota, Jose A. has been transferred to the El Paso Camp East ICE Detention Center in El Paso, Texas.  (*Id.* ¶ 15.)

4.      Jose A. has no criminal history other than for minor traffic violations.  (*Id.* ¶ 9(d).)

5.      Jose A. asserts that he is being held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  (*Id.* ¶ 35.)

6.      As of 2019, he has I-918 and I-192 applications pending.  (*Id.* ¶ 9(f).)

7.      On January 20, 2026, Jose A. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Pet.)  He seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release.  (*Id.* at 12.)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

8.      On January 20, 2026, the Court ordered Respondents to file a response to the Petition by January 22, 2026, at 11:00 a.m.  (Doc. No. 4.)  Respondents timely filed a Response.  (Doc. No. 6.)

**DISCUSSION**

The Court finds that jurisdiction and venue of Jose A.'s Petition is proper in the District of Minnesota, and grants the Petition to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) for two separate and independent reasons.[3]

### A.      Jurisdiction and Venue in This Court Is Proper

Respondents move, pursuant to 28 U.S.C. § 1406(a), to dismiss Jose A.'s Petition or, in the alternative, to transfer it to the Southern District of Texas because the District of Minnesota is an improper venue.  (Doc. No. 6 at 2.)  As Respondents' citation to the venue statute makes clear, the "immediate custodian" rule outlined in *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004),  is a venue rule and not a jurisdictional one.  The application of the "immediate custodian" rule is not automatic, and the venue for habeas petitions allow for

---

[3] As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

equitable concerns such as convenience and appropriateness of the district. *Luis N. v. Trump*, No. 26-cv-0171 (MJD/SGE) Doc. No. 8, at *3 (D. Minn Jan. 16, 2026) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). This Court considers such factors, especially since this Court can reach the custodian by service of process. *Braden*, 410 U.S. at 493 ("So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the petitioner himself is confined outside the court's jurisdiction.").

Here, the equitable factors weigh in favor of this District as the appropriate venue to adjudicate the Petition. The decision to arrest and detain Jose A. was directed to personnel within this District, and therefore witnesses and information about the manner of his arrest would also be found in this District. Jose A. was, for at least some time, actually detained within this District. Jose A. has lived in Minnesota for many years (Pet. ¶ 16), and Respondents have given no response as to the basis of his detention or what the length of his detention would be. Transferring venue would prolong both Jose A.'s detention and the adjudication of his claims. Further, venue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained

4

individuals to a district of their choosing.  Therefore, this Court concludes that this District is the appropriate forum for deciding Jose A.'s Petition.

### B. *Maldonado Bautista* Class Member

Turning to the merits of the Petition, Jose A. argues that he is a member of a class that has already been determined to be entitled to a bond hearing pursuant to section 1226(a).  (*See, e.g.*, Pet. ¶¶ 30–35.)  The Court agrees.  Jose A. is a member of the class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  As a class member, Jose A. is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing.

### C. Interpretation of Section 1225

Finally, this Court, like many other courts, has repeatedly rejected Respondents arguments in other cases that petitioners like Jose A. are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).  For the reasons discussed below, the Court separately and independently concludes that because section 1225(b) is not applicable to him, Jose A. is

entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Jose A.'s Petition on this basis, as well.[4]

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.,* *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several

---

[4] To the extent that the Petition also includes a request for immediate release, the Court declines to address this requested relief because the Petition does not develop an argument that the recent arrest was unlawful, separate and apart from the challenged legal basis for his continued detention without a bond hearing.

6

January 31 2026 p 10

conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Jose A. has been residing in the United States since 2005 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Jose A.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Pursuant to section 1226(a), Jose A. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also* *Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Jose A. seeks a bond hearing.[5]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before 5:00 p.m. CT on January 23, 2026. If released on bond, Respondents shall immediately release Petitioner in Minnesota.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by 5:00 p.m. CT on January 23, 2026, as required herein, Petitioner must be immediately released from detention in Minnesota at that time.

---

[5] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Jose A. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

3.    On or before <u>11:00 a.m. CT on January 26, 2026</u>, counsel for Respondents shall file a status update affirming that Petitioner received a bond hearing as required by this Order, and advising the results of the bond hearing, or if no bond hearing was held, affirming that Petitioner was released from custody in accordance with this Order.

4.    To the extent Petitioner seeks additional relief, the Petition is DENIED.

5.    Respondents' Motion to Dismiss (<u>Doc. No. 7</u>) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  January 22, 2026                    */s/ Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court

# UNITED STATES DISTRICT COURT

## District of Minnesota

_____

Jose Alfredo Anaya,

                Petitioner,

v.

Kristi Noem, Todd M. Lyons, David
Easterwood, Pamela Bondi, Executive
Office for Immigration Review, Warden,

                Respondents.

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-480 JMB/ECW

_____

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED THAT:

1. Respondents must <u>immediately</u> provide Petitioner with a bond hearing under <u>8 U.S.C. § 1226(a)</u>, and in any event, on or before <u>5:00 p.m. CT on January 23, 2026.</u> If released on bond, Respondents shall <u>immediately</u> release Petitioner in Minnesota.

2. If Respondents do not provide Petitioner with a bond hearing under <u>8 U.S.C. § 1226(a)</u> by 5:00 p.m. CT on January 23, 2026, as required herein, Petitioner must be immediately released from detention in Minnesota at that time.

3. On or before <u>11:00 a.m. CT on January 26, 2026</u>, counsel for Respondents shall file a status update affirming that Petitioner received a bond hearing as required by this Order, and advising the results of the bond hearing, or if no bond hearing was held, affirming that Petitioner was released from custody in accordance with this Order.

4. To the extent Petitioner seeks additional relief, the Petition is DENIED.

5.      Respondents' Motion to Dismiss (<u>Doc. No. 7</u>) is DENIED.


Date: 1/23/2026                                    <u>          KATE M. FOGARTY, CLERK          </u>



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# U.S. District Court

## U.S. District of Minnesota

## Notice of Electronic Filing

The following transaction was entered on 1/26/2026 at 11:54 AM CST and filed on 1/26/2026

| | |
|---|---|
| **Case Name:** | Anaya v. Noem et al |
| **Case Number:** | 0:26−cv−00480−JMB−ECW |
| **Filer:** | |
| **Document Number:** | 11(No document attached) |

**Docket Text:**
**(Text−Only) ORDER TO SHOW CAUSE: On January 22, 2026, the Court ordered Respondents to either provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by January 23, 2026 or release him, and to provide the Court with a status update by January 26, 2026 at 11:00 a.m. CT. [9] No status update has been filed. Respondents are hereby ORDERED to file a status update by 3:00 p.m. today informing the Court of when the bond hearing was held and what the outcome of Petitioner's bond hearing was. Signed by Judge Jeffrey M. Bryan on 1/26/2026. (GLB)**

**0:26−cv−00480−JMB−ECW Notice has been electronically mailed to:**

Ana H Voss &nbsp &nbsp ana.voss@usdoj.gov, andrea.kyllonen@usdoj.gov, caseview.ecf@usdoj.gov, catherine.merle@usdoj.gov, tara.sheqem@usdoj.gov, usamn−immigrationhab@usa.doj.gov, usamn.ecfcivil@usdoj.gov, usamn.ecfflu@usdoj.gov

Jesus Cruz Rodriguez &nbsp &nbsp jesus.cruz.rodriguez@usdoj.gov

Khanh Ngoc Nguyen &nbsp &nbsp khanh@knnlawoffice.com

**0:26−cv−00480−JMB−ECW Notice has been delivered by other means to:**

**U.S. District Court**

**U.S. District of Minnesota**

**Notice of Electronic Filing**

The following transaction was entered on 1/27/2026 at 4:54 PM CST and filed on 1/27/2026

**Case Name:** Anaya v. Noem et al
**Case Number:** 0:26–cv–00480–JMB–ECW
**Filer:**
**Document Number:** 12(No document attached)

**Docket Text:**
**(Text–Only) ORDER TO SHOW CAUSE: Respondents did not comply with this Court's Order requiring them to provide the Court with a status update by January 26, 2026 at 11:00 a.m. [9] The Court then ordered Respondents to file the status update by January 26, 2026, at 3:00 p.m. Again, Respondents did not comply. Counsel for Respondents shall file the necessary document by January 28, 2026 at 11:00 a.m. or counsel for Respondents will be required to appear before this Court to show cause why they should not be held in contempt. Signed by Judge Jeffrey M. Bryan on 1/27/2026. (GLB)**

**0:26–cv–00480–JMB–ECW Notice has been electronically mailed to:**

Ana H Voss &nbsp &nbsp ana.voss@usdoj.gov, andrea.kyllonen@usdoj.gov, caseview.ecf@usdoj.gov, catherine.merle@usdoj.gov, tara.sheqem@usdoj.gov, usamn–immigrationhab@usa.doj.gov, usamn.ecfcivil@usdoj.gov, usamn.ecfflu@usdoj.gov

Jesus Cruz Rodriguez &nbsp &nbsp jesus.cruz.rodriguez@usdoj.gov

Khanh Ngoc Nguyen &nbsp &nbsp khanh@knnlawoffice.com

**0:26–cv–00480–JMB–ECW Notice has been delivered by other means to:**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

<table>
<tr><td>

Jose A.,

    *Petitioner*,

    v.

Kristi Noem, in her official capacity as Secretary of Homeland Security, *et al.*,

    *Respondents*.

</td><td>

Civil Action No. 0:26-cv-480

</td></tr>
</table>

**NOTICE OF APPEAL**

Respondents—Kristi Noem, Todd Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Warden—respectfully provide notice that they hereby appeal to the United States Court of Appeals for the Eighth Circuit from the Court's January 22, 2026 Order (ECF 9) and Judgment (ECF 10), which granted in part Petitioner's petition for habeas corpus and enjoined Respondents.

Dated: January 30, 2026

Respectfully submitted,

                              DANIEL N. ROSEN
                              United States Attorney
                              *S/ Ana H. Voss*
                              BY:  ANA H. VOSS
                              Assistant U.S. Attorney
                              Attorney ID No.  483656DC
                              600 United States Courthouse
                              300 South Fourth Street
                              Minneapolis, MN 55415
                              Phone:  612-664-5600
                              Email: Ana.Voss@usdoj.gov

                              *Attorneys for Respondents*



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | | |
|---|---|---|---|
| **Warren E. Burger Federal Building and U.S. Courthouse** | **Diana E. Murphy U.S. Courthouse** | **Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse** | **Edward J. Devitt U.S. Courthouse and Federal Building** |
| 316 North Robert Street Room 100 St. Paul, MN 55101 | 300 South Fourth Street Room 202 Minneapolis, MN 55415 | 515 West First Street Duluth, MN 55802 | 118 South Mill Street Fergus Falls, MN 56537 |

## TRANSMITTAL OF APPEAL

Date:    1/31/26

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  Cara K. U.S. District Court-Minnesota

In Re:   District Court Case No. 26-cv-480 JMB/ECW
          Eighth Circuit Case No.:  Not yet assigned
          Case Title:  Anaya v. Noem et al

The statutory filing fee has:
☐ been paid, receipt number:
☐ not been paid as of
        IFP        ☐ is   ☐ is not pending
☒ been waived because:
        ☐ Application for IFP granted   ☒ USA filed appeal

Length of Trial:  N/A

Was a court reporter utilized?   ☐ Yes   ☒ No
        If yes, please identify the court reporter: