# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

Jose Anaya,
*Petitioner – Appellee,*

v.

Markwayne Mullin, Secretary of Homeland Security, et al.,

*Respondents – Appellants.*

On Appeal from the United States District Court
for the District of Minnesota
No. 0:26-cv-480 (Bryan, J.)

## BRIEF FOR APPELLANTS

DANIEL N. ROSEN
*U.S. Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

MICHAEL VELCHIK
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

## SUMMARY OF THE CASE
## AND REQUEST FOR ORAL ARGUMENT

Petitioner Jose Anaya is an illegal alien who was apprehended in Minnesota and transferred to a detention facility in Texas. Petitioner could readily have challenged his detention in the district where he was confined. Instead, a week after transfer, he challenged his detention by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Minnesota. The district court concluded that it could entertain the petition based on a discretionary evaluation of equitable considerations. That was error. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The district court applied no recognized or suggested exception to this general rule, and it erred by adjudicating the petition instead of dismissing or transferring it to the appropriate court.

Oral argument would likely assist the Court in resolving this appeal. Although the sole legal issue is straightforward, it is important and recurs frequently, and district courts have begun to frequently err in resolving it. The government thus requests 15 minutes of oral argument for each side.

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................ 1

STATEMENT OF JURISDICTION ............................................................... 3

STATEMENT OF THE ISSUE ....................................................................... 3

STATEMENT OF THE CASE ........................................................................ 3

    A.    IMMIGRATION ENFORCEMENT AND DETENTION .........3

    B.    BACKGROUND ....................................................................5

SUMMARY OF ARGUMENT ........................................................................ 8

ARGUMENT ..................................................................................................10

The District Court Erred By Disregarding The Well-Established
District-Of-Confinement Rule. ...................................................................10

    A.    Habeas petitions challenging present physical custody must
        be filed in the district where the petitioner is confined at the
        time of filing. .........................................................................10

    B.    Petitioner challenged his present physical custody, but he
        did not file his habeas petition in the district where he was
        confined. ................................................................................14

    C.    The district court impermissibly attempted to craft a new,
        discretionary exception to the district-of-confinement rule. .......15

CONCLUSION...............................................................................................22

CERTIFICATE OF COMPLIANCE.............................................................23

CERTIFICATE OF SERVICE......................................................................24

# TABLE OF AUTHORITIES

**CASES**

*Adriana M.Y.M. v. Easterwood,*
2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026) ....................................4

*Al-Pine v. Richerson,*
763 F. App'x 717 (10th Cir. 2019).................................................................14

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western*
*Dist. of Texas,*
571 U.S. 49 (2013) .........................................................................................19

*Braden v. 30th Judicial Circuit Court of Kentucky,*
410 U.S. 484 (1973) .......................................................................................17

*Carbo v. United States,*
364 U.S. 611 (1961) ........................................................................... 1, 8, 11

*Comm. of Cent. Am. Refugees v. I.N.S.,*
795 F.2d 1434 (9th Cir. 1986).........................................................................5

*De la Garza v. Fabian,*
574 F.3d 998 (8th Cir. 2009)..........................................................................10

*Doe v. Garland,*
109 F.4th 1188 (9th Cir. 2024) ......................................................................14

*Ex parte Endo,*
323 U.S. 283 (1944) .......................................................................................17

*Khalil v. President,*
164 F.4th 259 (3d Cir. 2026)..........................................................................15

*Meyers v. Martinez,*
402 F. App'x 735 (3d Cir. 2010) ....................................................................13

*Nofflett v. United States,*
2024 WL 4814538 (4th Cir. Nov. 18, 2024) ..............................13

*Ozturk v. Hyde,*
136 F.4th 382 (2d Cir. 2025)......................................................13

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank,*
566 U.S. 639 (2012) ..................................................................20

*R.Q. v. Bondi,*
2026 WL 296502 (D. Minn. Feb. 4, 2026) ................................15

*Rumsfeld v. Padilla,*
542 U.S. 426 (2004) .......................................................... *passim*

*Shoop v. Twyford,*
596 U.S. 811 (2022) ..................................................................17

*Sinclair v. U.S. Att'y Gen.,*
198 F. App'x 218 (3d Cir. 2006) .................................................5

*Steen v. Murray,*
770 F.3d 698 (8th Cir. 2014)....................................................20

*Stokes v. U.S. Parole Comm'n,*
374 F.3d 1235 (D.C. Cir. 2004) ...............................................14

*Thompson v. Barr,*
959 F.3d 476 (1st Cir. 2020) ....................................................13

*Trump v. J.G.G.,*
604 U.S. 670 (2025) .................................................1, 8, 10, 13

*United States v. Lassiter,*
812 F. App'x 896 (11th Cir. 2020)............................................14

*United States v. McPhearson,*
451 F. App'x 384 (5th Cir. 2011) .............................................13

*United States v. Monteer,*
556 F.2d 880 (8th Cir. 1977)..........................................................................13

*United States v. Scott,*
775 F. App'x 252 (7th Cir. 2019) ...................................................................13

*Van Dinh v. Reno,*
197 F.3d 427 (10th Cir. 1999)...........................................................................4

*Wales v. Whitney,*
114 U.S. 564 (1885) ......................................................................................1, 12

*Wooten v. United States,*
2023 WL 5519152 (6th Cir. Aug. 23, 2023) ...............................................13

## STATUTES AND RULES

28 U.S.C. § 1391 ................................................................................................20

28 U.S.C. § 1404 ................................................................................................19

28 U.S.C. § 2241 ..................................................................................... *passim*

28 U.S.C. § 2242 ................................................................................................12

28 U.S.C. § 2243 ............................................................................................ 8, 11

8 U.S.C. § 1231 ...................................................................................................4

Federal Rule of Appellate Procedure 22 .........................................................12

## OTHER AUTHORITIES

ICE, Detention Facilities,
https://www.ice.gov/detention-facilities...................................................4

FY 2025 ICE Statistics,
https://www.ice.gov/detain/detention-management..............................4

## INTRODUCTION

This appeal presents a legal question that the Supreme Court has already conclusively answered: Where can individuals challenging their present physical detention file habeas petitions under 28 U.S.C. § 2241? The Supreme Court has long held that "habeas petitions challenging present physical confinement" under § 2241 may be filed "in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The Supreme Court "summed up" that rule 140 years ago. *Id.* at 435 (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). The statutory language Congress enacted precisely to prevent courts from "issu[ing] the Great Writ on behalf of … far distantly removed" petitioners has remained unchanged since 1867. *Id.* at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)). And the Supreme Court reiterated the rule just last year. *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

The trouble is not that the law is unclear. It is that the district courts have begun refusing to apply it. Below, petitioner, the Government, and the district court all agreed that petitioner was detained outside Minnesota when he filed his petition. The District of Minnesota was not even arguably the district of confinement. But the district court granted the petition anyway. The

1

district court cited "equitable concerns" and an argument the Supreme Court expressly rejected in *Padilla*. App. 35; R. Doc. 9 at 4. The district court is not alone: In recent months, as the Department of Homeland Security (DHS) has prioritized enforcement of the immigration laws in Minnesota and apprehended many more illegal aliens than can be detained within the state, district courts have resorted to their own discretion instead of applying the *Padilla* rule, frequently entertaining and granting petitions that flout the blackletter district-of-confinement rule.

There is precious little new under the sun when it comes to a statute as venerable as § 2241. The court below is not the first court to try to make habeas more "flexible" based on an intuition that a case is "special" or a situation "unusual." *Padilla*, 542 U.S. at 436, 450. But at bottom, petitioner raises "a simple challenge to physical custody imposed by the Executive—the traditional core of the Great Writ." *Id.* at 441. The rules that have long governed § 2241 petitions continue to govern. District courts cannot render a mandatory rule discretionary by fiat, cannot seize Congress's power to amend statutes, and cannot take it upon themselves to overrule Supreme Court precedent. This Court should reverse the grant of habeas relief.

## STATEMENT OF JURISDICTION

The district court exercised subject-matter jurisdiction under 28 U.S.C. § 1331 and 2241. The district court granted the petition for writ of habeas corpus on January 22, 2026, and entered judgment on January 23, 2026. App. 32, 41; R. Docs. 9, 10. The government timely filed a notice of appeal on January 30, 2026. App. 45; R. Doc. 14.

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

## STATEMENT OF THE ISSUE

Did the district court err in entertaining petitioner's habeas petition, when petitioner challenged his present physical confinement but was not confined in the District of Minnesota at the time he filed his petition?

Relevant authorities: *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *JGG v. Trump*, 604 U.S. 670 (2025); 28 U.S.C. § 2241; 28 U.S.C. § 2242.

## STATEMENT OF THE CASE

### A.    IMMIGRATION ENFORCEMENT AND DETENTION

In December 2025, DHS began Operation Metro Surge to prioritize the enforcement of immigration laws in the Minneapolis area. The operation led to the arrest and apprehension of thousands of illegal aliens. *See* Order, *Minnesota v. Noem*, No. 26-cv-190, at 4 (D. Minn. Jan. 31, 2026).

Minnesota did its best to interfere with those federal law enforcement efforts. The state unsuccessfully sought a temporary restraining order prohibiting the law enforcement actions. *See generally Minnesota v. Noem*, No. 26-cv-190 (D. Minn.). And state and local laws purport to prohibit local authorities from cooperating with federal immigration enforcement, such as by assisting with detention of illegal aliens. *See generally United States v. Minnesota*, No. 25-cv-3798 (D. Minn.). As a result, ICE is able to detain aliens in just a few county jails in all of Minnesota, with extremely limited detention capacity. *See* ICE, Detention Facilities https://www.ice.gov/detention-facilities (listing four county jails); FY 2025 ICE Statistics, https://www.ice.gov/detain/detention-management (listing average daily detained populations of a few dozen throughout Minnesota); *cf. Adriana M.Y.M. v. Easterwood*, 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026) (explaining that government transferred petitioner from "ICE's St. Paul Field Office … to El Paso, Texas" "[c]iting lack of bed space").

Given sharply limited bed capacity in Minnesota and the high number of apprehensions of illegal aliens in recent months, the Department of Homeland Security transferred many aliens to locations outside Minnesota where beds were available. *See* 8 U.S.C. § 1231(g)(1); *Van Dinh v. Reno*, 197 F.3d 427, 433

(10th Cir. 1999) (affirming the Executive Branch's "discretionary power to transfer aliens from one locale to another"); *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1440-41 (9th Cir. 1986) (similar); *see also Sinclair v. U.S. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Petitioner is one such alien.

### B.    BACKGROUND

Jose Anaya "was detained on January 13, 2026 in the State of Minnesota and immediately transferred to El Paso, Texas." App. 2; R. Doc. 1 at 1. On January 20, petitioner filed his petition for habeas corpus in the U.S. District Court for the District of Minnesota. App. 2; R. Doc. 1. At the time of filing, he was by his own admission in Texas. App. 2; R. Doc. 1 at 1 ("Petitioner is in the physical custody of Respondents at the Camp East ICE Detention Center, El Paso, Texas."); App. 5; R. Doc. 1 at 5 (Petitioner "remains in detention pending his bond hearing in front of the IJ in El Paso, Texas"). The government moved to dismiss or, in the alternative, transfer the case to the Southern District of Texas. App. 23; R. Doc. 6.

On January 22, the district court assumed jurisdiction, denied Respondents' motion to dismiss, and granted the petition. App. 32; R. Doc. 9. The district court declined to apply the "immediate custodian" rule. App.

34-36; R. Doc. 9 at 3-5 (citing *Padilla*, 542 U.S. at 427). The district court found that this was "a venue rule and not a jurisdictional one." App. 34; R. Doc. 9 at 3. As a result, the district court explained that it could consider "equitable concerns such as convenience and appropriateness of the district." App. 34-35; R. Doc. 9 at 3-4. The district court then found that those "equitable factors weigh in favor of this District as the appropriate venue to adjudicate the Petition" for four reasons. App. 35; R. Doc. 9 at 4. First, "[t]he decision to arrest and detain Jose A. was directed to personnel within this District, and therefore witnesses and information about the manner of his arrest would also be found in this District." *Id.* Second, Petitioner "was, at least for some time, actually detained within this District." *Id.* Third, "[t]ransferring venue would prolong [Petitioner's] detention and the adjudication of his claims." *Id.*

Finally, the district court explained that "venue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when the transfer was not at petitioner's request, is wholly outside their control, and occurs in a very short time after arrest." *Id.* The court opined that "[t]ransferring venue solely on the basis that a petitioner was transferred, and thereby currently detained

elsewhere, could also have the effect of incentivizing forum shopping." *Id.* The court therefore "conclude[d] that [the District of Minnesota] is the appropriate forum for deciding Jose A.'s Petition." App. 36; R. Doc. 9 at 5.

The court ordered the government to provide Anaya with a bond hearing on or before 5:00 p.m. CST January 23, 2026—the next day—and, if petitioner was released on bond, to return him to Minnesota for release. App. 39; R. Doc. 9 at 8. On January 23, an immigration judge granted petitioner bond. App. 44; R. Doc. 13. He was flown back to Minnesota and released. *Id.* The government appealed on January 30. App. 45; R. Doc. 14.

.

**SUMMARY OF ARGUMENT**

When presented with a meritorious habeas petition, district courts can grant relief "within their respective jurisdictions," 28 U.S.C. § 2241(a), in the form of a "writ … directed to the person having custody of the person detained," *id.* § 2243. As a result, when a petition challenges present physical confinement, "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Carbo*, 364 U.S. at 618). The key phrase was added to the habeas statute in 1867 expressly to produce that result, and it has remained unchanged since. The Supreme Court has thus repeatedly reiterated, including just last year, that "jurisdiction" over those challenges to present physical confinement "'lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Padilla*, 542 U.S. at 443).

All agree that petitioner was not confined in Minnesota when he filed his petition challenging his present physical confinement in the District of Minnesota—even though he could readily have filed in the district where he was confined. The government pressed that point below.

8

The district court nonetheless entertained the petition and ordered the government to release petitioner, purporting to make a discretionary choice between permissible venues based on considerations like petitioner's residence and the location of witnesses. That was manifest error. The Supreme Court could not have been clearer that there is just one court in which a given petition can be filed, so the district court had no discretionary option to choose between multiple permissible locations. The district court did not purport to apply any acknowledged or even contemplated exception to the district-of-confinement rule. The Supreme Court has rejected precisely the flexible, discretionary approach to the rule that the district court appeared to adopt. And the Court has likewise already rejected the district court's resort to other cases in which the petitioner did not challenge his present physical confinement and the district-of-confinement rule thus did not apply. The Court should reverse the district court's grant of the petition.

**ARGUMENT**

**The District Court Erred By Disregarding The Well-Established District-Of-Confinement Rule.**

In this case, the district court declined to apply the rule—plain from the statute, explicit in Supreme Court precedent for over a century, and recently reaffirmed by the Supreme Court—that for core habeas petitions, such as the one at issue here, "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); 28 U.S.C. § 2241(a)-(b). The district court erred by adjudicating petitioner's habeas petition, even though petitioner was admittedly detained outside Minnesota when he filed his habeas petition in the District of Minnesota.

In a habeas appeal, "the district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo." *De la Garza v. Fabian*, 574 F.3d 998, 1001 (8th Cir. 2009).

> **A.** **Habeas petitions challenging present physical custody must be filed in the district where the petitioner is confined at the time of filing.**

"[H]abeas petitions challenging present physical confinement" under 28 U.S.C. § 2241 must be filed "in only one district: the district of confinement." *Padilla*, 542 U.S. at 443.

Habeas relief is directed to the custodian, not the prisoner. 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). For challenges to present physical custody, the proper custodian is the prisoner's *immediate* custodian—that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435.

District courts can grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The term "jurisdiction" in § 2241 refers to the court's "territorial jurisdiction." *Padilla*, 542 U.S. at 445. Accordingly, the writ must be directed to a physical custodian present in the court's territorial jurisdiction. The proper "custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.*

The phrase "within their respective jurisdictions" was "added … to the habeas statute in 1867" specifically to avoid the "possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts where they sat.'" *Padilla*, 542 U.S. at 442 (quoting *Carbo*, 364 U.S. at 617). As a result, "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Id.* (quoting *Carbo*, 364 U.S. at 618).

Other habeas statutes and relevant rules "support this commonsense reading of § 2241(a)." *Id.* at 442. Section 2242 requires petitions addressed to "the Supreme Court, a justice thereof[,] or a circuit judge" to explain why the petition was not made "to the district court of the district in which the applicant is held." 28 U.S.C. § 2242. And § 2241(b) similarly permits the Supreme Court, its Justices, and circuit judges to "transfer" a petition "to the district court"—singular—"having jurisdiction over it." 28 U.S.C. § 2241(b); *see Padilla*, 542 U.S. at 442 (emphasizing "the" in this provision). Appellate Rule 22(a) similarly requires filing of a habeas petition in "the appropriate district court," not "an appropriate district court." Fed. R. App. P. 22(a); *see Padilla*, 542 U.S. at 443 (relying on this rule).

The Supreme Court thus explained over 140 years ago that "these provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885). The Court emphatically reiterated that rule in *Padilla*. And just last year, the Supreme Court reaffirmed this basic principle in the context of an immigration removal case.

In *Trump v. J.G.G.*, the government sought to detain and remove Venezuelan nationals it had identified as members of a foreign terrorist organization. 604 U.S. 670, 671 (2025). Plaintiffs and a nationwide putative class sought equitable relief against their removal under the Alien Enemies Act, but the Court held that "their claims … must be brought in habeas." *Id.* at 672. And in habeas, "jurisdiction" over those challenges to present physical confinement "'lies in only one district: the district of confinement.'" *Id.* (quoting *Padilla*, 542 U.S. at 443). The Court found that "[t]he detainees are confined in Texas, so venue is improper in the District of Columbia." *Id.*

Given this longstanding, plainly stated rule, it would be impossible to capture any meaningful fraction of the decisions applying it. But suffice it to say that the rule is routinely applied around the country, including in this Court, to § 2241 petitions challenging present physical confinement. *See, e.g.*, *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977); *Thompson v. Barr*, 959 F.3d 476, 491 (1st Cir. 2020); *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025); *Meyers v. Martinez*, 402 F. App'x 735 (3d Cir. 2010); *Nofflett v. United States*, 2024 WL 4814538, at *1 (4th Cir. Nov. 18, 2024); *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011); *Wooten v. United States*, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023); *United States v. Scott*, 775 F.

App'x 252, 253 (7th Cir. 2019); *Doe v. Garland*, 109 F.4th 1188, 1194-99 (9th Cir. 2024); *Al-Pine v. Richerson*, 763 F. App'x 717, 721 (10th Cir. 2019); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

> **B. Petitioner challenged his present physical custody, but he did not file his habeas petition in the district where he was confined.**

Petitioner undisputedly failed to comply with the district of confinement rule because he was detained outside Minnesota when he filed his petition in the District of Minnesota.

Petitioner's petition represents that at the time of filing "Petitioner is in the physical custody of Respondents at the Camp East ICE Detention Center, El Paso, Texas." App. 1, R. Doc. 1 at 1. He even named the "Warden, El Paso East ICE Detention Facility" as respondent. App. 8, R. Doc. 1 at 8. The district court accepted Anaya's allegations as truthful. App. 33 n.2, R. Doc. 9 at 2 n.2. The government thus argued that the petition should be dismissed or transferred because it failed to comply with the rule. App. 23, R. Doc. 6.

The district court straightforwardly erred in entertaining the petition instead of dismissing or transferring it. Petitioner should have filed his petition in the district where he was confined, with territorial jurisdiction over

14

his immediate custodian, and the district court was required to transfer the petition to the district of confinement or dismiss it. *See, e.g.*, *R.Q. v. Bondi*, 2026 WL 296502 (D. Minn. Feb. 4, 2026) (transferring to Texas); *see also, e.g.*, *Khalil v. President*, 164 F.4th 259, 268 (3d Cir. 2026) (petitioner who erroneously filed in New York while detained in New Jersey could have filed in New Jersey, and New York court could have transferred to New Jersey). This Court should reverse the district court's obvious legal error.

### C. The district court impermissibly attempted to craft a new, discretionary exception to the district-of-confinement rule.

Instead of applying the district-of-confinement rule, the district court instead consulted its own view on the best forum for the petition, looking to "equitable concerns" such as the "convenience and appropriateness of the district." App. 35, R. Doc. 9 at 4. The district of confinement rule does not permit such freewheeling, discretionary departure. Even if the district court were somehow right that the rule is merely one of venue, it would still be impermissible to treat the District of Minnesota as a proper venue.

1.      The Supreme Court has already rejected a "flexible" vision of the rule in which "district courts" may make "ad hoc determinations as to whether the circumstances of a given case are 'exceptional,' 'special,' or 'unusual'

enough to require departure" from the district-of-confinement rule. *Padilla*, 542 U.S. at 436, 450. Congress added the relevant language ("within their respective jurisdictions") to § 2241 in 1867 to ensure that every habeas petition can be brought in just one district court. *Id.* at 441. That language has been unchanged since 1867. "Congress has legislated against the background" of the rule "by fashioning explicit exceptions to the rule in certain circumstances." *Id.* at 443 (citing 28 U.S.C. § 2241(d)). And neither the majority nor the dissent in *Padilla* could "cite *a single case*" that "deviated from th[at] longstanding rule" by "allow[ing] a habeas petitioner challenging his present physical custody within the United States … to file somewhere other than the district of confinement." *Id.* at 449-50.

The few discrete exceptions that the Supreme Court has acknowledged only underscore that the district-of-confinement rule is not subject to freewheeling discretion. *Padilla* acknowledged exceptions to the rule for petitioners challenging present physical confinement only (1) "in the military context, where an American citizen is detained outside the territorial jurisdiction of any district court," 542 U.S. at 435-36 n.9; (2) "[w]hen … a prisoner is held in an undisclosed location by an unknown custodian," *id.* at 450 n.18; and (3) to permit a district court to "retain[] jurisdiction" if "the

Government moves a habeas petitioner after she properly files a petition naming her immediate custodian," *id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283, 304 (1944)). Neither petitioner nor the district court invoked any of these exceptions.

Rendering the rule discretionary (or creating a freeform exception for "equitable concerns," which amounts to the same thing) cannot be reconciled with the rule's "ample statutory and historical pedigree" as a mandatory rule of habeas jurisdiction. *Id.* Subjecting the rule to district courts' discretion would subvert its mandatory nature. *Cf. Shoop v. Twyford*, 596 U.S. 811, 820-21 (2022) (rejecting use of All Writs Act to "circumvent statutory requirements or otherwise binding procedural rules"). There is no way to square the district court's treatment of the district-of-confinement rule as a matter for its discretionary consideration with *Padilla*'s exposition of the rule.

The district court relied on *Braden v. 30th Judicial Circuit Court of Kentucky* to conclude that it could appropriately entertain the petition filed by petitioner while detained outside Minnesota, if Minnesota was a more convenient forum. 410 U.S. 484 (1973); App. 35, R. Doc. 9 at 4. In particular, the district court cited *Braden* to point out that courts can "reach[]" the proper "custodian by service of process" even if the custodian is outside the court's

territorial jurisdiction. App. 35, R. Doc. 9 at 4 (quoting "*Braden*, 410 U.S. at 49[5]"). But the Supreme Court has already rejected that precise move. In *Padilla*, the Court explained that *Braden* held only that "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner," like Braden, "challenges something other than his present physical confinement." 542 U.S. at 438. The Court specifically discussed the "service of process" passage the district court seized on and rejected the district court's reading of the passage as undermining the district-of-confinement rule. *Id.* at 444-45. And the Court was crystal clear that "nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement" or "derogate[s] from the traditional district of confinement rule for core habeas petitions challenging present physical custody." *Id.* at 438, 445. The district court's contrary conclusion in this petition challenging present physical confinement is irreconcilable with the Supreme Court's plain statement of the law.

2.     The district court attempted to subordinate the district-of-confinement rule to its discretion by treating it as a rule of venue. App. 34-35, R. Doc. 9 at 3-4 (concluding that *Padilla* supplies "a venue rule," and "this

District [i]s the appropriate venue"). That was incorrect, and it would be impermissible even if the rule were one of venue.

The district-of-confinement rule is not a venue rule. The statute refers to it as a matter of "jurisdiction." 28 U.S.C. § 2241(a). The Supreme Court has clarified that the rule does not go to "subject-matter jurisdiction." *Padilla*, 542 U.S. at 434 n.7. But the Court has repeatedly referred to the rule as "jurisdictional," making clear that it is a distinct matter from venue. The district court thus erred in viewing the rule as one of venue and looking to matters relevant to deciding a discretionary motion for transfer from one proper venue to another or for *forum non conveniens* transfer, like the location of "witnesses and information," the petitioner's choice of forum, and the petitioner's ordinary residence. App. 35, R. Doc. 9 at 4; *cf.* 28 U.S.C. § 1404(a) (referencing "the convenience of the parties and witnesses").

The district court's resort to discretionary considerations would not work even if the district-of-confinement rule were merely a matter of venue, because discretionary considerations cannot manufacture venue where it is lacking. The discretionary considerations the district court invoked are relevant only if a court is choosing between multiple *proper* venues. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*,

19

571 U.S. 49, 59 (2013) (28 U.S.C. § 1404(a) "permits transfer" "[f]or the convenience of the parties and witnesses, in the interest of justice," from one proper venue "to any district where venue is also proper"); *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014) (court must dismiss or transfer if venue is improper, and can consider convenience under § 1404(a) only if "venue is proper in the transferor *and* transferee forums").

Those considerations were irrelevant, because even if it spoke only to venue, the district-of-confinement rule would establish just one proper venue for petitioners challenging present physical confinement: the district of confinement. The general civil venue statute, which ordinarily provides generous options for venue in civil actions against federal officers or employees, might have made the District of Minnesota a permissible venue. *See* 28 U.S.C. § 1391(e)(1). But those options obtain only "except as otherwise provided by law," *id.*, so if § 2241 establishes a venue rule, it plainly controls by supplying the distinct rule that habeas challenges to present physical confinement must be brought in the district of confinement. (Of course, the specific habeas statute would displace the far more general venue statute even without § 1391(e)(1)'s proviso. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).) So even if the district-of-

20

confinement rule were a matter of venue, the District of Minnesota would still be the wrong venue, and the district court would still have had no warrant to attempt to manufacture statutorily improper venue based on equitable considerations. There is simply no path to the district court's conclusion.

*    *    *

In sum, the district-of-confinement rule is a well-established, mandatory rule that plainly governs petitioner's challenge to his present physical confinement. The district court erred in departing from that rule based on a purported exercise of discretion. The Court should accordingly reverse the district court's order granting petitioner's habeas petition, clearing the way for further litigation in a proper forum and for petitioner's future re-detention.

# CONCLUSION

For the foregoing reasons, the judgment of the district court granting the petition should be reversed.

June 3, 2026

Respectfully submitted,

DANIEL N. ROSEN
*U.S. Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

MICHAEL VELCHIK
*Senior Counsel to the Assistant Attorney General*

/s/ Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,277 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font.

*/s/ Sarah Welch*  
Sarah Welch

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Sarah Welch*
Sarah Welch