**[ORAL ARGUMENT NOT YET SCHEDULED]**
**No. 26-1226**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

---

Jose Anaya,
*Petitioner – Appellee*,

v.

Markwayne Mullin, Secretary of Homeland Security, et al.,

*Respondents – Appellants*.

---

On Appeal from the United States District Court
for the District of Minnesota
No. 0:26-cv-480 (Bryan, J.)

---

## RESPONSE TO LETTER OF JULY 17, 2026

---


DANIEL N. ROSEN
*U.S. Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

MICHAEL VELCHIK
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. This Appeal Is Not Moot. .......... 3

II. The Court Should Reverse And Provide Needed Guidance To District Courts. .......... 5

CONCLUSION .......... 8

CERTIFICATE OF COMPLIANCE .......... 9

CERTIFICATE OF SERVICE .......... 10

## TABLE OF AUTHORITIES

**Cases**

*Eagles v. U.S. ex rel. Samuels*,
329 U.S. 304 (1946) .......... 4, 5

*In re MidAmerican Energy Co.*,
286 F.3d 483 (8th Cir. 2002) .......... 6

*Mathena v. United States*,
577 F.3d 943 (8th Cir. 2009) .......... 6

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004) .......... 2, 5

*Trump v. J.G.G.*,
604 U.S. 670 (2025) .......... 5

*United States v. Cook*,
454 F.3d 938 (8th Cir. 2006) .......... 7

*United States v. Lee*,
960 F.3d 1023 (8th Cir. 2020) .......... 4

**Rules**

Fed. R. App. P. 31(c) .......... 2

8th Cir. Loc. R. 47A(b) .......... 6



Appellate Case: 26-1226 Page: 3 Date Filed: 08/25/2026 Entry ID: 5676061

## INTRODUCTION

In this case, the government appeals the district court's order granting Petitioner's habeas petition. Petitioner does not attempt even a single word in defense of the district court's decision. Instead, almost two weeks after the deadline for his brief, Petitioner (through counsel) filed a letter informing the Court that he does not intend to file a response brief because he believes the government's appeal is moot. Petitioner's letter did not explain that view other than stating that Petitioner was "release[d] from DHS' custody without having Petitioner posted bond" and that "DHS did not appeal the immigration Judge's decision." Letter of July 17, 2026, at 1.

Even if Petitioner's letter could function like a compliant brief, his threadbare arguments fail on the merits. This appeal is not moot. Release may moot a habeas *petitioner's* appeal of a *denied* habeas petition, but release ordinarily does not moot a *government* appeal of a *granted* habeas petition. That is because effectual relief can still be granted to the government if it prevails on appeal: The district court's judgment in the petitioner's favor can be set aside, and the petitioner can be re-detained. That is the case here.

The Court should accept Petitioner's decision not to file a response brief, hold that the appeal is not moot, and reverse. *Cf.* Fed. R. App. P. 31(c) (governing how an appeal moves forward when an appellee fails to file a brief). Petitioner has waived any arguments in defense of the district court's decision, and the decision is indefensible because it cannot be squared with Supreme Court precedent. To the extent that Petitioner believes that the decision below should be affirmed, he was obliged to urge that outcome in accordance with this Court's rules—by filing an actual answering brief or motion to dismiss this appeal. Reversal is thus straightforwardly warranted.

Treating this appeal otherwise would risk rewarding appellees who intentionally default on briefing deadlines. The government filed this appeal seeking to obtain this Court's guidance for district judges who have repeatedly made the same error as the court below. The Court should issue a decision that explains that district courts are not free to treat the Supreme Court's holding in *Rumsfeld v. Padilla* as a mere suggestion. 542 U.S. 426 (2004). The Court should not indulge Petitioner's win-by-defaulting litigation strategy by declining to issue the guidance that the district courts so plainly need. It would be perverse if

Petitioner could avoid a published opinion correcting the district court's errors by declining to litigate this appeal. If defaulting on the Court's briefing deadlines can secure such a strategic advantage, the Court should expect to see more such conduct in the future.

## ARGUMENT

### I. This Appeal Is Not Moot.

Petitioner appears to contend that this appeal is moot because Petitioner was granted bond by an immigration judge and was released without having to post bond. Letter at 1. The parties appear to be in agreement on the post-judgment facts. The government's records indicate that a bond hearing occurred on January 23, as the district court ordered, and that the immigration judge determined that Petitioner should be released on bond. The government's records also indicate that Petitioner was ultimately released on January 25 pursuant to the district court's judgment, without posting bond.

But neither release on bond, when the district court ordered the bond hearing, nor release without bond pursuant to the district court's judgment moots this appeal of the district court's judgment for two fundamental reasons.

*First*, release on bond does not moot a government appeal for the reasons the government has explained in a contemporaneously filed appeal, where the petitioner made the argument that Petitioner appears to adopt. *See* Appellee Br. at 11-15, Reply Br. at 2-7, *Juarez Valasquez v. Garcia*, No. 26-1185 (8th Cir.). As the government explained in that case, this appeal is not moot because reversing the district court's order would provide meaningful redress to the government. Release of a habeas petitioner from government custody, after grant of a habeas petition, does not moot the government's appeal: If the government prevails, the government can re-detain the petitioner. *Eagles v. U.S. ex rel. Samuels*, 329 U.S. 304, 307-08 (1946). Nor does an appeal become moot by the interposition of a second obstacle to relief for the government (such as a release on bond), if the government could eventually be relieved of both obstacles. *See, e.g.*, *United States v. Lee*, 960 F.3d 1023, 1024 (8th Cir. 2020). The government can be relieved of any obstacles to re-detaining Petitioner, through success on appeal and (to the extent necessary) revocation of bond when a bond hearing was provided only because of the district court's order that is the subject of this appeal.

*Second*, release without bond pursuant to the district court's judgment even more straightforwardly does not moot the government's appeal of the district court's judgment. When "release is obtained through the assertion of judicial power," and "the propriety of the exercise of that power" is "in issue in the appellate court," the appeal remains live because the court of appeals can "make[] the prisoner's release final and unconditional" by affirming or "make[] lawful a resumption of the custody" by reversing. *Eagles*, 329 U.S. at 307-08. Either way, this appeal is not moot.

## II. The Court Should Reverse And Provide Needed Guidance To District Courts.

The outcome of this appeal is clear, too: The Court should reverse. As the government has explained, the district court's opinion is indefensible—and undefended, thanks to Petitioner's decision not to file an answering brief.

The Supreme Court has made clear that "[h]abeas petitions challenging present physical confinement" under 28 U.S.C. § 2241 may only be filed "in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *accord Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is undisputed that Petitioner was confined in Texas,

not in Minnesota, when he filed his petition, as his petitioner expressly acknowledged. App. 1, R. Doc. 1 at 1 ("Petitioner is in the physical custody of Respondents at the Camp East ICE Detention Center, El Paso, Texas."). Neither Petitioner nor the district court has suggested that any exception applies. Reversal is thus straightforwardly warranted on the merits.

Petitioner cannot and does not defend the district court's decision. By declining to file a brief, Petitioner has waived any arguments in defense of the district court's decision. *See, e.g.*, *In re MidAmerican Energy Co.*, 286 F.3d 483, 487 (8th Cir. 2002) (Appellee's "claims not raised in an initial appeal brief are waived."); *cf.* 8th Cir. Loc. R. 47A(b) ("Except as the court orders, the filing of a motion to dismiss does not toll the time limitations set forth in the Federal Rules of Appellate Procedure or these rules."). The district-of-confinement rule is no exception to ordinary waiver and forfeiture rules. *See Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (acknowledging that the rule does not go to subject-matter jurisdiction and is thus subject to waiver).

When it reverses, the Court should make clear the law that it is applying, in order to provide much needed guidance to district courts that



Appellate Case: 26-1226 Page: 9 Date Filed: 08/25/2026 Entry ID: 5676061

have repeatedly made the same error as the court did below. As the government explained in its motion to expedite this appeal, numerous district court opinions have misapplied—or ignored—*Padilla* in the same way as the district court did in this case. Opposed Mot. to Consolidate and Expedite Appeals at 2 n.1 (Feb. 10, 2026) (collecting twelve similarly erroneous decisions issued in the span of a single week). The government filed and sought to expedite this appeal in order to seek clarification from this Court that district courts commit reversible error when they ignore *Padilla*'s constraints, as the district court did here. The Court should provide that clarification notwithstanding Petitioner's decision not to file a brief. *Cf. United States v. Cook*, 454 F.3d 938, 942 (8th Cir. 2006) (opting to opine on an issue because it "recur[s] frequently").



Appellate Case: 26-1226 Page: 10 Date Filed: 08/25/2026 Entry ID: 5676061

## CONCLUSION

The Court should reverse.

August 25, 2026

Respectfully submitted,

DANIEL N. ROSEN
*U.S. Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

MICHAEL VELCHIK
*Senior Counsel to the Assistant Attorney General*

/s/ Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,335 words. This filing also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font.

*/s/ Sarah Welch*
Sarah Welch

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Sarah Welch*
Sarah Welch



Appellate Case: 26-1226 Page: 13 Date Filed: 08/25/2026 Entry ID: 5676061